IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | AMERICAN BUILDERS<br>INSURANCE COMPANY | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | )   Case No. <u>CIV-19-75-HE</u> |
| | | ) |
| (1) | CHRISTOPHER LEE<br>& COMPANY, LLC; | ) |
| | | ) |
| | -  and  - | ) |
| | | ) |
| (2) | ROBERT HEFNER IV AND<br>CAROL HEFNER,<br>HUSBAND AND WIFE. | ) |
| | | ) |
| | Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, American Builders Insurance Company ("Builders"), and files this Complaint for Declaratory Judgment against Defendants, Christopher Lee & Company, LLC, ("CLC"), and Robert Hefner IV and Carol Hefner, husband and wife, and states as follows:

## PARTIES

1.      Plaintiff, Builders, is a Delaware corporation with its principal place of business in Georgia.

2.      Defendant, Christopher Lee & Company, LLC, is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

3.     Defendants, Robert Hefner IV and Carol Hefner (the "Hefners"), husband and wife, are citizens of Oklahoma.

## VENUE AND JURISDICTION

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

5.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. The relief requested by Builders is authorized by 28 U.S.C. §§2201 and 2202 (Declaratory Judgments).

## UNDERLYING FACTS

6.     On June 17, 2014, CLC entered into an Architectural Design Services Agreement with the Hefners for the design and construction of a home in Edmond, Oklahoma.

7.     The Architectural Design Services Contract was followed by a Preconstruction Services Contract on July 16, 2014 and a final Construction Contract executed on October 23, 2015 with an estimated total cost of $1,516,321.20. (The Construction Contract is attached as **Exhibit 1**.)

8.     Builders provided Commercial General Liability Coverage to CLC under two successive policies with effective dates of January 23, 2016 to January 23, 2018 under Policy Nos. PKG 0141573 03 and PKG 0141573 04, respectively.  (Attached as **Exhibits 2** and **3**, respectively.)

9.     After numerous delays and nearly one hundred change orders, the construction of the home was completed:

    a.  On June 13, 2017, the City of Edmond issued Certificate of Use and Occupancy Permits stating that the building complied with the basic code;

    b.  On June 14, 2017, the Hefners executed a Certificate of Acceptance.

    c.  The Certificate of Acceptance provided that the purchasers had inspected the house and delivered a list of final repairs or completion items ("punch list") to the builder and that the purchaser accepted the house as finished.

    d.  On June 14, 2017, the Hefners and CLC executed a Builder's One Year Limited Home Warranty.

10.    On August 24, 2017, the Hefners submitted a Notice of Defect letter to CLC, which included a supplemental punch list of 37 items of varying significance.

11.    On September 22, 2017, CLC responded to the Hefners by letter, offering to repair certain items and rejecting other requested repairs on the basis that the alleged defects were the result of change requests made by the Hefners, and denying that other items were in fact defects.

12.    On September 26, 2017, CLC filed a Materialman's Lien against the Hefner's property for the outstanding balance of $150,000.

13.    On September 27, 2017, the Hefners rejected CLC's offer of repairs by letter and without further explanation.

14.    On September 6, 2017, Builders received notice of a potential claim under the policies issued to CLC concerning the Hefners' dispute. (Notice of Loss attached as **Exhibit 4**.)

15.     In response to receiving notice of the potential claim, Builders agreed to provide a defense to CLC under a reservation of rights, reserving its right to withdraw its defense of CLC and/or to deny coverage for the claims raised in the Arbitration Action.

16.     On October 9, 2017, the Hefners initiated arbitration proceedings (the Arbitration Action"), pursuant to the Construction Contract, based on claims of breach of contract, negligence, breach of express warranty, breach of implied warranty, unjust enrichment, quiet title/extinguish lien/slander of title, material misrepresentation/fraud in the inducement, fraud/constructive fraud, and negligent misrepresentation. The Hefners' Notice of Arbitration includes a demand for $250,000, exclusive of costs and attorney's fees. (Arbitration Notice and Demand attached as **Exhibit 5**.)

## THE BUILDERS POLICIES

17.     Builders issued Commercial Package Policies to CLC, Policy No. PKG 0141573 03, effective from January 23, 2016 to January 23, 2017, and Policy No. PKG 0141573 04, effective from January 23, 2017 to January 23, 2018. Each of the Commercial Package Policies provided CLC with Commercial General Liability Coverage under a **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**. True and correct copies of the relevant portions of the two referenced Builders Policies, including the Declarations, the applicable **COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG 00 01 04 13)**, and all potentially applicable endorsements, are attached as **Exhibits 2** and **3,** respectively (hereinafter the "Builders Policies").

18.     The Builders Policies provide, at **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement,** in pertinent part:

> **a.** [Builders] will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for … "property damage" to which this insurance does not apply….
>
> \*           \*           \*
>
> **b.** This insurance applies to … "property damage" only if:
>
> > **(1)** The … "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > **(2)** The … "property damage" occurs during the policy period; and
>
> \*           \*           \*

<u>See</u> **Exhibits 2 and 3**, CG 00 01 04 13, at p. 1 of 16.

19.     The Builders Policies provide, at **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** in pertinent part:

> This insurance does not apply to:
>
> \*           \*           \*
>
> **b.     Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)   Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*               \*               \*

See **Exhibits 2 and 3**, CG 00 01 04 13, at p. 5 of 16.

20.   The Builders Policies, at **SECTION V – DEFINITIONS**, contain the following definitions:

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*               \*               \*

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

6

*          *          *

**22.**   "Your work":

    **a.**  Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.**  Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

<u>See</u> **Exhibits 2 and 3,** CG 00 01 04 13, at pp. 15 and 16 of 16.

21.   The Builders Policies contain a Resulting Damage Coverage endorsement that provides, in pertinent part:

**RESULTING DAMAGE COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

In regard only to "your work" in connection with residential structures, **Exclusion i.**

**Damage to Your Work** of **Section I - Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions** is deleted and replaced with:

**l.**   **Faulty, Defective or Poor Workmanship in Your Work**

This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your

7

work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not apply to "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

<u>See</u> **Exhibits 2 and 3,** GL RFWE 10 13, p. 1 of 1.

22.     The Builders Policies contain a Contractors Professional Liability endorsement

that provides, in pertinent part:

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

**\*\*\***

The following exclusion is added to Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I — Coverage B — Personal And Advertising Injury Liability**:

1.  This insurance does not apply to … "property damage" … arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a.  Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b.  Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

        This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the … "property damage", … involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

    **2.** Subject to Paragraph **3.** below, professional services include:

        **a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

        **b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.

    **3.** Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

<u>See</u> **Exhibits 2 and 3,** CG 22 79 04 13, at p. 1 of 1.

23.    The Builders Policies contain an Exterior Insulation and Finish Systems endorsement that provides, in pertinent part:

**EXCLUSION – EXTERIOR INSULATION<br>AND FINISH SYSTEMS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** This insurance does not apply to … "property damage" … arising out of, caused by, or attributable to, whether in whole or in part, the following:

    **1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

    **2.** "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of the structure containing that component, fixture or feature.

9

**B.** The following definition is added to the **Definitions** Section:

"Exterior insulation and finish system" means a nonload bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

**1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

**2.** The adhesive and/or mechanical fasterners used to attach the insulation board to the substrate;

**3.** A reinforced or unreinforced base coat;

**4.** A finish coat providing surface texture to which color may be added; and

**5.** Any flashing, caulking or sealant used with the system for any purpose.

See **Exhibits 2 and 3,** CG 21 86 12 04, at p. 1 of 1.

## BASIS FOR DECLARATORY RELIEF

24. The claims raised in the Arbitration Action, seeking damages as a result of faulty workmanship, including breach of contract, negligence, breach of express warranty, breach of implied warranty, unjust enrichment, quiet title/extinguish lien/slander of title, material misreprentation/fraud in the inducement, fraud/constructive fraud and negligent misrepresentation, do not constitute damages because of "property damage" caused by an "occurrence" and are not covered under the Builders Policies.

25. All of the damages claimed by the Hefners in the Arbitration Action are contractual in nature and are specifically excluded by the Contractual Liability exclusion contained in the Builders Policies.

26. All of the damages claimed by the Hefners in the Arbitration Action seek damages for the repair, replacement, adjustment, or otherwise making good faulty, defective or poor workmanship by CLC and/or its subcontractors in the construction of the Hefner's

10

home, and are specifically excluded from coverage by the Resulting Damage Coverage exclusion form contained in the Builders Policies.

27.     Any claims made by the Hefners against CLC for damages arising out of the rendering or failure to render professional services, as defined by the Builders Policies, are excluded from coverage by the Contractors Professional Liability endorsement contained in the Builders Policies.

28.     Any claims made by the Hefners against CLC for damages arising from the installation of an Exterior Insulation and Finish System are excluded from coverage by the Exterior Insulation Finishing System endorsement contained in the Builders Policies.

## **PRAYER FOR RELIEF**

**WHEREFORE**, American Builders Insurance Company respectfully requests that this Court enter judgment in its favor, declaring that:

(1)     Builders has no duty to defend or to indemnify Christopher Lee & Company, LLC in the arbitration proceedings filed by the Hefners because none of the damages sought by the Hefners constitute damages because of "property damage" caused by an "occurrence," as defined by the Builders Policies;

(2)     Alternatively, should any of the damages sought in the Arbitration Action constitute damages because of "property damage" caused by an "occurrence," any such damages are excluded from coverage for the following reasons:

(a)     The damages claimed by the Hefners in the Arbitration Action, which are contractual in nature and arise from CLC's performance, or failure to perform, under the

terms of the Construction Contract, are excluded by the Contractual Liability exclusion contained in the Builders Policies;

(b)     All damages claimed by the Hefners in the Arbitration Action resulted from the cost of repair, replacement, adjustment, or otherwise making good faulty, defective or poor workmanship by CLC, and/or its subcontractors and are specifically excluded by the Resulting Damage Coverage endorsement of the Builders Policies;

(c)     Any damages arising out of the rendering or failure to render professional services, as defined by the Builders Policies, are excluded from coverage by the Contractors Professional Liability endorsement contained in the Policies;

(d)     Any claims made by the Hefners against CLC for damages arising from the installation of an Exterior Insulation and Finish System are excluded from coverage by the Exterior Insulation Finishing System endorsement contained in the Policies.

(3)     For such other and further relief that the Court deems just and proper, including the costs of this action.

Respectfully submitted,

/s/*Robert N. Naifeh, Jr.*
Robert N. Naifeh, Jr., OBA No. 10419
Pete G. Serrata III, OBA No. 21352
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105
(405) 528-6569; (405) 528-6462 – Facsimile
rnaifeh@derryberrylaw.com
pgserrata@derryberrylaw.com
**ATTORNEYS FOR PLAINTIFF,
AMERICAN BUILDERS INSURANCE
COMPANY**